

FILED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 1 25 05
BY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

**UNITED STATES OF AMERICA**　　　Cr. No. 3:03-CR-30041-02-04

**VERSUS**　　　**JUDGE ROBERT G. JAMES**

**GARY D. HOOVER,**　　　**MAG. JUDGE KAREN L. HAYES**
**SUZANNE STUCKEY, AND**
**LYNN D. SIKES**

# JURY INSTRUCTIONS

MEMBERS OF THE JURY:

## I. PRELIMINARY INSTRUCTIONS

IN ANY JURY TRIAL THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS YOU, THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DECIDE WHAT EVIDENCE IS PROPER FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO EXPLAIN TO YOU THE RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT YOUR VERDICT.

FIRST, I WILL GIVE YOU SOME GENERAL INSTRUCTIONS WHICH APPLY IN EVERY CASE, FOR EXAMPLE, INSTRUCTIONS ABOUT

1

BURDEN OF PROOF AND HOW TO JUDGE THE BELIEVABILITY OF WITNESSES. THEN I WILL GIVE YOU SOME SPECIFIC RULES OF LAW ABOUT THIS PARTICULAR CASE, AND, FINALLY, I WILL EXPLAIN TO YOU THE PROCEDURES YOU SHOULD FOLLOW IN YOUR DELIBERATIONS.

YOU, AS JURORS, ARE THE JUDGES OF THE FACTS. BUT IN DETERMINING WHAT ACTUALLY HAPPENED—THAT IS, IN REACHING YOUR DECISION AS TO THE FACTS—IT IS YOUR SWORN DUTY TO FOLLOW ALL OF THE RULES OF LAW AS I EXPLAIN THEM TO YOU.

YOU HAVE NO RIGHT TO DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION, OR TO QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE I MAY STATE TO YOU. YOU MUST NOT SUBSTITUTE OR FOLLOW YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE. IT IS YOUR DUTY TO APPLY THE LAW AS I EXPLAIN IT TO YOU, REGARDLESS OF THE CONSEQUENCES.

IT IS ALSO YOUR DUTY TO BASE YOUR VERDICT SOLELY UPON THE EVIDENCE, WITHOUT PREJUDICE OR SYMPATHY. THAT WAS THE PROMISE YOU MADE AND THE OATH YOU TOOK BEFORE BEING

2

ACCEPTED BY THE PARTIES AS JURORS, AND THEY HAVE THE RIGHT TO EXPECT NOTHING LESS.

THE INDICTMENT OR FORMAL CHARGE AGAINST A DEFENDANT IS NOT EVIDENCE OF GUILT. INDEED, A DEFENDANT IS PRESUMED BY THE LAW TO BE INNOCENT. THE LAW DOES NOT REQUIRE A DEFENDANT TO PROVE HIS INNOCENCE OR PRODUCE ANY EVIDENCE AT ALL, AND NO INFERENCE WHATEVER MAY BE DRAWN FROM THE DECISION OF A DEFENDANT NOT TO TESTIFY. THE GOVERNMENT HAS THE BURDEN OF PROVING EACH OF THE DEFENDANTS GUILTY BEYOND A REASONABLE DOUBT, AND IF IT FAILS TO DO SO, YOU MUST ACQUIT THE DEFENDANT.

WHILE THE GOVERNMENT'S BURDEN OF PROOF IS A STRICT OR HEAVY BURDEN, IT IS NOT NECESSARY THAT THE DEFENDANT'S GUILT BE PROVED BEYOND ALL POSSIBLE DOUBT. IT IS ONLY REQUIRED THAT THE GOVERNMENT'S PROOF EXCLUDE ANY "REASONABLE DOUBT" CONCERNING THE DEFENDANT'S GUILT.

A "REASONABLE DOUBT" IS A DOUBT BASED UPON REASON AND COMMON SENSE AFTER CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE. PROOF BEYOND A REASONABLE

3

DOUBT, THEREFORE, IS PROOF OF SUCH A CONVINCING CHARACTER THAT YOU WOULD BE WILLING TO RELY AND ACT UPON IT WITHOUT HESITATION IN THE MOST IMPORTANT OF YOUR OWN AFFAIRS.

AS I TOLD YOU EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS.  IN DOING SO, YOU MUST CONSIDER ONLY THE EVIDENCE PRESENTED DURING THE TRIAL, INCLUDING THE SWORN TESTIMONY OF THE WITNESSES AND THE EXHIBITS.  REMEMBER THAT ANY STATEMENTS, OBJECTIONS, OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE.  THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING, TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT MIGHT OTHERWISE ESCAPE YOUR NOTICE.  IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THE CASE.  WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.

DURING THE TRIAL, I SUSTAINED OBJECTIONS TO CERTAIN QUESTIONS.  YOU MUST DISREGARD THOSE QUESTIONS ENTIRELY.  DO NOT SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF

PERMITTED TO ANSWER THE QUESTION. YOUR VERDICT MUST BE BASED SOLELY ON THE LEGALLY ADMISSIBLE EVIDENCE AND TESTIMONY. CERTAIN TESTIMONY WAS ALSO STRICKEN FROM THE RECORD. YOU MUST DISREGARD THIS TESTIMONY ENTIRELY IN YOUR DELIBERATIONS.

ALSO, DO NOT ASSUME FROM ANYTHING I MAY HAVE DONE OR SAID DURING THE TRIAL THAT I HAVE ANY OPINION CONCERNING ANY OF THE ISSUES IN THIS CASE. EXCEPT FOR THE INSTRUCTIONS I GIVE TO YOU ON THE LAW, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID DURING THE TRIAL IN ARRIVING AT YOUR OWN FINDINGS AS TO THE FACTS.

WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS WHICH HAVE BEEN ESTABLISHED BY THE EVIDENCE.

YOU SHOULD NOT BE CONCERNED ABOUT WHETHER THE EVIDENCE IS DIRECT OR CIRCUMSTANTIAL.  "DIRECT EVIDENCE" IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYE WITNESS.  "CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING THAT THE DEFENDANT IS EITHER GUILTY OR NOT GUILTY.  THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT YOU MAY GIVE TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

I REMIND YOU THAT IT IS YOUR JOB TO DECIDE WHETHER THE GOVERNMENT HAS PROVED THE GUILT OF EACH OF THE DEFENDANTS BEYOND A REASONABLE DOUBT.  IN DOING SO, YOU MUST CONSIDER ALL OF THE EVIDENCE.  THIS DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE.

YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OR "BELIEVABILITY" OF EACH WITNESS AND THE WEIGHT TO BE GIVEN THE WITNESS'S TESTIMONY.  AN IMPORTANT PART OF YOUR JOB WILL BE MAKING JUDGMENTS ABOUT THE TESTIMONY OF THE WITNESSES WHO TESTIFIED IN THIS CASE.  YOU SHOULD DECIDE

WHETHER YOU BELIEVE ALL OR ANY PART OF WHAT EACH PERSON HAD TO SAY, AND HOW IMPORTANT THAT TESTIMONY WAS.   IN MAKING THAT DECISION I SUGGEST THAT YOU ASK YOURSELF A FEW QUESTIONS:   DID THE PERSON IMPRESS YOU AS HONEST?   DID THE WITNESS HAVE ANY PARTICULAR REASON NOT TO TELL THE TRUTH? DID THE WITNESS HAVE A PERSONAL INTEREST IN THE OUTCOME OF THE CASE?   DID THE WITNESS HAVE ANY RELATIONSHIP WITH EITHER THE GOVERNMENT OR THE DEFENSE?   DID THE WITNESS SEEM TO HAVE A GOOD MEMORY?   DID THE WITNESS CLEARLY SEE OR HEAR THE THINGS ABOUT WHICH HE OR SHE TESTIFIED?   DID THE WITNESS HAVE THE OPPORTUNITY AND ABILITY TO UNDERSTAND THE QUESTIONS CLEARLY AND ANSWER THEM DIRECTLY?   DID THE WITNESS'S TESTIMONY DIFFER FROM THE TESTIMONY OF OTHER WITNESSES? THESE ARE A FEW OF THE CONSIDERATIONS THAT WILL HELP YOU DETERMINE THE ACCURACY OF WHAT EACH WITNESS SAID.

YOUR JOB IS TO THINK ABOUT THE TESTIMONY OF EACH WITNESS YOU HAVE HEARD AND DECIDE HOW MUCH YOU BELIEVE OF WHAT EACH WITNESS HAD TO SAY.   IN MAKING UP YOUR MIND

AND REACHING A VERDICT, DO NOT MAKE ANY DECISIONS SIMPLY BECAUSE THERE WERE MORE WITNESSES ON ONE SIDE THAN ON THE OTHER.  DO NOT REACH A CONCLUSION ON A PARTICULAR POINT JUST BECAUSE THERE WERE MORE WITNESSES TESTIFYING FOR ONE SIDE ON THAT POINT.

IN THIS CASE THE GOVERNMENT CALLED AS WITNESSES, CERTAIN ALLEGED ACCOMPLICES, ROBERT DURHAM AND GORDON G. "G.G." GRANT, III, WITH WHOM THE GOVERNMENT HAS ENTERED INTO PLEA AGREEMENTS PROVIDING FOR THE DISMISSAL OF SOME CHARGES AND A LESSER SENTENCE THAN THESE PERSONS WOULD OTHERWISE BE EXPOSED TO FOR THE OFFENSES TO WHICH THEY PLEAD GUILTY.  SUCH PLEA BARGAINING, AS IT IS CALLED, HAS BEEN APPROVED AS LAWFUL AND PROPER, AND IS EXPRESSLY PROVIDED FOR IN THE RULES OF THIS COURT.

AN ALLEGED ACCOMPLICE, INCLUDING ONE WHO HAS ENTERED INTO A PLEA AGREEMENT WITH THE GOVERNMENT, IS NOT PROHIBITED FROM TESTIFYING.  ON THE CONTRARY, THE TESTIMONY OF SUCH A WITNESS MAY ALONE BE OF SUFFICIENT WEIGHT TO SUSTAIN A VERDICT OF GUILTY.  YOU SHOULD KEEP IN

8

MIND THAT SUCH TESTIMONY IS ALWAYS TO BE RECEIVED WITH CAUTION AND WEIGHED WITH GREAT CARE. YOU SHOULD NEVER CONVICT A DEFENDANT UPON THE UNSUPPORTED TESTIMONY OF AN ALLEGED ACCOMPLICE UNLESS YOU BELIEVE THAT TESTIMONY BEYOND A REASONABLE DOUBT. THE FACT THAT AN ACCOMPLICE HAS ENTERED A PLEA OF GUILTY TO THE OFFENSE CHARGED IS NOT EVIDENCE, IN AND OF ITSELF, OF THE GUILT OF ANY OTHER PERSON.

THE GOVERNMENT HAS ALSO PRESENTED THE ALLEGED STATEMENTS OF DEFENDANTS SUZANNE STUCKEY AND GARY D. HOOVER. IN DETERMINING WHETHER ANY STATEMENT, CLAIMED TO HAVE BEEN MADE BY A DEFENDANT OUTSIDE OF COURT AND AFTER AN ALLEGED CRIME HAS BEEN COMMITTED, WAS KNOWINGLY AND VOLUNTARILY MADE, YOU SHOULD CONSIDER THE EVIDENCE CONCERNING SUCH A STATEMENT WITH CAUTION AND GREAT CARE, AND SHOULD GIVE SUCH WEIGHT TO THE STATEMENT AS YOU FEEL IT DESERVES UNDER ALL THE CIRCUMSTANCES.

YOU MAY CONSIDER IN THAT REGARD SUCH FACTORS AS THE AGE, SEX, TRAINING, EDUCATION, OCCUPATION, AND PHYSICAL AND MENTAL CONDITION OF THE DEFENDANT, HIS TREATMENT WHILE

UNDER INTERROGATION, AND ALL THE OTHER CIRCUMSTANCES IN EVIDENCE SURROUNDING THE MAKING OF THE STATEMENT.

OF COURSE, ANY SUCH STATEMENT SHOULD NOT BE CONSIDERED IN ANY WAY WHATSOEVER AS EVIDENCE WITH RESPECT TO ANY OTHER DEFENDANT ON TRIAL.

A TYPEWRITTEN TRANSCRIPT OF A CONVERSATION BETWEEN ALLEGED ACCOMPLICES, GORDON G. "G.G." GRANT, III, AND ROBERT DURHAM, WAS PROVIDED TO YOU FOR THE LIMITED PURPOSE OF AIDING YOU IN FOLLOWING THE CONTENT OF THE CONVERSATION AS YOU LISTEN TO THE TAPE RECORDING, AND ALSO TO AID YOU IN IDENTIFYING THE SPEAKERS.

YOU ARE SPECIFICALLY INSTRUCTED THAT WHETHER THE TRANSCRIPT CORRECTLY OR INCORRECTLY REFLECT THE CONTENT OF THE CONVERSATION OR THE IDENTITY OF THE SPEAKERS IS ENTIRELY FOR YOU TO DETERMINE BASED UPON YOUR OWN EVALUATION OF THE TESTIMONY YOU HAVE HEARD CONCERNING THE PREPARATION OF THE TRANSCRIPT, AND FROM YOUR OWN EXAMINATION OF THE TRANSCRIPT IN RELATION TO YOUR HEARING OF THE TAPE RECORDING ITSELF AS THE PRIMARY EVIDENCE OF ITS

OWN CONTENTS;  AND, IF YOU SHOULD DETERMINE THAT THE TRANSCRIPT IS IN ANY RESPECT INCORRECT OR UNRELIABLE, YOU SHOULD DISREGARD IT TO THAT EXTENT.

A SEPARATE CRIME IS CHARGED AGAINST ONE OR MORE OF THE DEFENDANTS IN EACH COUNT OF THE INDICTMENT. EACH COUNT, AND THE EVIDENCE PERTAINING TO IT, SHOULD BE CONSIDERED SEPARATELY.  THE CASE OF EACH DEFENDANT SHOULD BE CONSIDERED SEPARATELY AND INDIVIDUALLY.  THE FACT THAT YOU MAY FIND ONE OF THE ACCUSED GUILTY OR NOT GUILTY OF ANY OF THE CRIMES CHARGED SHOULD NOT CONTROL YOUR VERDICT AS TO ANY OTHER CRIME OR ANY OTHER DEFENDANT. YOU MUST GIVE SEPARATE CONSIDERATION TO THE EVIDENCE AS TO EACH DEFENDANT.

YOU WILL NOTE THAT THE INDICTMENT CHARGES THAT THE OFFENSE WAS COMMITTED ON OR ABOUT A SPECIFIED DATE OR DATES.  THE GOVERNMENT DOES NOT HAVE TO PROVE THAT THE CRIME WAS COMMITTED ON THOSE EXACT DATES, SO LONG AS THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT THAT THE

DEFENDANT COMMITTED THE CRIME ON DATES REASONABLY NEAR THE DATES STATED IN THE INDICTMENT.

THE WORD "KNOWINGLY," AS THAT TERM WILL BE USED FROM TIME TO TIME IN THESE INSTRUCTIONS, MEANS THAT THE ACT WAS DONE VOLUNTARILY AND INTENTIONALLY, NOT BECAUSE OF MISTAKE OR ACCIDENT.

YOU MAY FIND THAT A DEFENDANT HAD KNOWLEDGE OF A FACT IF YOU FIND THAT THE DEFENDANT DELIBERATELY CLOSED HIS EYES TO WHAT WOULD OTHERWISE HAVE BEEN OBVIOUS TO HIM. WHILE KNOWLEDGE ON THE PART OF THE DEFENDANT CANNOT BE ESTABLISHED MERELY BY DEMONSTRATING THAT THE DEFENDANT WAS NEGLIGENT, CARELESS, OR FOOLISH, KNOWLEDGE CAN BE INFERRED IF THE DEFENDANT DELIBERATELY BLINDED HIMSELF TO THE EXISTENCE OF A FACT.

WITH THIS IN MIND, I WILL NOW EXPLAIN THE SUBSTANTIVE LAW TO YOU.

## II.   SUBSTANTIVE LAW

THERE ARE EIGHT COUNTS IN THE INDICTMENT.   I WILL SUMMARIZE THE ALLEGATIONS IN EACH COUNT AND EXPLAIN THE APPLICABLE LAW.

### A.   CONSPIRACY

IN COUNT 1, THE INDICTMENT CHARGES THAT BEGINNING ON OR ABOUT SEPTEMBER 1999, AND CONTINUING UNTIL ON OR ABOUT JULY 2002, IN THE WESTERN DISTRICT OF LOUISIANA AND ELSEWHERE, THE DEFENDANTS, GARY D. HOOVER; SUZANNE STUCKEY; AND LYNN D. SIKES, AND OTHERS BOTH KNOWN AND UNKNOWN TO THE GRAND JURY, DID KNOWINGLY AND WILLFULLY UNLAWFULLY COMBINE, CONSPIRE, CONFEDERATE AND AGREE TOGETHER TO COMMIT OFFENSE AGAINST THE UNITED STATES IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 1341 AND 1344 [18 U.S.C. §§ 1341 & 1344], BY USING AND CAUSING TO BE USED A PRIVATE OR COMMERCIAL INTERSTATE CARRIER FOR THE DELIVERY OF REPAYMENT CHECKS, FOR THE PURPOSE OF EXECUTING THE SCHEME AND ARTIFICE TO DEFRAUD THEY DEVISED TO DEFRAUD VARIOUS FINANCIAL INSTITUTIONS AND TO OBTAIN MONEY FROM

FINANCIAL INSTITUTIONS BY MEANS OF FALSE AND FRAUDULENT PRETENSES, REPRESENTATIONS AND PROMISES AND BY EXECUTING AND ATTEMPTING TO EXECUTE A SCHEME AND ARTIFICE TO DEFRAUD FINANCIAL INSTITUTIONS.

THE ALLEGED PRIMARY OBJECT OF THE CONSPIRACY WAS TO ARTIFICIALLY INFLATE THE BALANCES OF BANK ACCOUNTS BELONGING TO DEALERSHIPS IN WHICH DEFENDANTS WERE INVOLVED.   TO ACCOMPLISH THIS OBJECTIVE, DEFENDANTS ALLEGEDLY ENGAGED IN BOGUS DRAFTING, KITED CHECKS, DOUBLE FLOORPLANNED CARS AND OPERATED OUT-OF-TRUST WITH LENDERS.

TITLE 18, UNITED STATES CODE, SECTION 371, MAKES IT A CRIME FOR ANYONE TO CONSPIRE WITH SOMEONE ELSE TO COMMIT AN OFFENSE AGAINST THE LAWS OF THE UNITED STATES.   THE DEFENDANTS ARE CHARGED WITH CONSPIRING TO DEFRAUD VARIOUS FINANCIAL INSTITUTIONS BY ARTIFICIALLY INFLATING THE DEALERSHIPS' BANK ACCOUNTS.

A "CONSPIRACY" IS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO JOIN TOGETHER TO ACCOMPLISH SOME UNLAWFUL PURPOSE.  IT IS A KIND OF "PARTNERSHIP IN CRIME" IN WHICH EACH MEMBER BECOMES THE AGENT OF EVERY OTHER MEMBER.

FOR YOU TO FIND A DEFENDANT GUILTY OF THIS CRIME, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:

FIRST:      THAT THE DEFENDANT AND AT LEAST ONE OTHER PERSON MADE AN AGREEMENT TO COMMIT THE CRIME OF EITHER BANK FRAUD OR FRAUD BY INTERSTATE CARRIER AS CHARGED IN THE INDICTMENT;

SECOND:  THAT THE DEFENDANT KNEW THE UNLAWFUL PURPOSE OF THE AGREEMENT AND JOINED IN IT WILLFULLY, THAT IS, WITH THE INTENT TO FURTHER THE UNLAWFUL PURPOSE; AND

THIRD:      THAT ONE OF THE CONSPIRATORS DURING THE

15

EXISTENCE OF THE CONSPIRACY KNOWINGLY COMMITTED AT LEAST ONE OF THE OVERT ACTS DESCRIBED IN THE INDICTMENT, IN ORDER TO ACCOMPLISH SOME OBJECT OR PURPOSE OF THE CONSPIRACY.

ONE MAY BECOME A MEMBER OF A CONSPIRACY WITHOUT KNOWING ALL THE DETAILS OF THE UNLAWFUL SCHEME OR THE IDENTITIES OF ALL THE OTHER ALLEGED CONSPIRATORS. IF A DEFENDANT UNDERSTANDS THE UNLAWFUL NATURE OF A PLAN OR SCHEME AND KNOWINGLY AND INTENTIONALLY JOINS IN THAT PLAN OR SCHEME ON ONE OCCASION, THAT IS SUFFICIENT TO CONVICT HIM FOR CONSPIRACY EVEN THOUGH THE DEFENDANT HAD NOT PARTICIPATED BEFORE AND EVEN THOUGH THE DEFENDANT PLAYED ONLY A MINOR PART.

THE GOVERNMENT NEED NOT PROVE THAT THE ALLEGED CONSPIRATORS ENTERED INTO ANY FORMAL AGREEMENT, NOR THAT THEY DIRECTLY STATED BETWEEN THEMSELVES ALL THE DETAILS OF THE SCHEME. SIMILARLY, THE GOVERNMENT NEED NOT PROVE

THAT ALL OF THE DETAILS OF THE SCHEME ALLEGED IN THE INDICTMENT WERE ACTUALLY AGREED UPON OR CARRIED OUT. NOR MUST IT PROVE THAT ALL OF THE PERSONS ALLEGED TO HAVE BEEN MEMBERS OF THE CONSPIRACY WERE SUCH, OR THAT THE ALLEGED CONSPIRATORS ACTUALLY SUCCEEDED IN ACCOMPLISHING THEIR UNLAWFUL OBJECTIVES.

MERE PRESENCE AT THE SCENE OF AN EVENT, EVEN WITH KNOWLEDGE THAT A CRIME IS BEING COMMITTED, OR THE MERE FACT THAT CERTAIN PERSONS MAY HAVE ASSOCIATED WITH EACH OTHER, AND MAY HAVE ASSEMBLED TOGETHER AND DISCUSSED COMMON AIMS AND INTERESTS, DOES NOT NECESSARILY ESTABLISH PROOF OF THE EXISTENCE OF A CONSPIRACY. ALSO, A PERSON WHO HAS NO KNOWLEDGE OF A CONSPIRACY, BUT WHO HAPPENS TO ACT IN A WAY WHICH ADVANCES SOME PURPOSE OF A CONSPIRACY, DOES NOT THEREBY BECOME A CONSPIRATOR.

A CONSPIRATOR IS RESPONSIBLE FOR OFFENSES COMMITTED BY ANOTHER CONSPIRATOR IF THE FIRST CONSPIRATOR WAS A MEMBER OF THE CONSPIRACY WHEN THE OFFENSE WAS COMMITTED BY THE

OTHER CONSPIRATOR AND IF THE OFFENSE WAS COMMITTED IN FURTHERANCE OF, OR AS A FORESEEABLE CONSEQUENCE OF, THE CONSPIRACY.

THEREFORE, IF YOU HAVE FIRST FOUND DEFENDANTS SUZANNE STUCKEY OR LYNN D. SIKES GUILTY OF THE CONSPIRACY CHARGED IN COUNT 1 AND IF YOU FIND BEYOND A REASONABLE DOUBT THAT DURING THE TIME ONE OR MORE OF THESE DEFENDANTS WERE MEMBERS OF THAT CONSPIRACY, ANOTHER CONSPIRATOR OR CONSPIRATORS COMMITTED THE OFFENSES IN COUNTS 2-5 OF FRAUD BY INTERSTATE CARRIER AND COUNT 6 OF BANK FRAUD IN FURTHERANCE OF OR AS A FORESEEABLE CONSEQUENCE OF THAT CONSPIRACY, THEN YOU MAY FIND ONE OR MORE OF THESE DEFENDANTS GUILTY OF COUNTS 2-6, EVEN THOUGH THAT PARTICULAR DEFENDANT MAY NOT HAVE PARTICIPATED IN ANY OF THE ACTS WHICH CONSTITUTE THE OFFENSES DESCRIBED IN COUNTS 2-6.

### B.   FRAUD BY INTERSTATE CARRIER

IN COUNTS 2-5, THE INDICTMENT CHARGES THAT THE

DEFENDANTS, SUZANNE STUCKEY AND LYNN D. SIKES, FOR THE PURPOSE OF EXECUTING THE AFORESAID SCHEME AND ARTIFICE TO DEFRAUD AND ATTEMPTING TO DO SO, DID KNOWINGLY DEPOSIT OR CAUSED TO BE DEPOSITED FOR DELIVERY BY PRIVATE OR COMMERCIAL INTERSTATE CARRIER, THAT IS, FEDERAL EXPRESS, ACCORDING TO THE DIRECTIONS THEREON, A PACKAGE CONTAINING REPAYMENT CHECK(S), ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 1341 AND 2 [18 U.S.C. §§ 1341 & 2].

IN COUNT 2, STUCKEY AND SIKES ARE ALLEGED TO HAVE DEPOSITED OR CAUSED TO BE DEPOSITED A CHECK IN A FEDERAL EXPRESS PACKAGE ON DECEMBER 14, 1999, TO BE DELIVERED TO LAPLACE FORD.  IN COUNT 3, STUCKEY AND SIKES ARE ALLEGED TO HAVE DEPOSITED OR CAUSED TO BE DEPOSITED A CHECK IN A FEDERAL EXPRESS PACKAGE ON DECEMBER 15, 1999, TO BE DELIVERED TO LAPLACE FORD.  IN COUNT 4, STUCKEY AND SIKES ARE ALLEGED TO HAVE DEPOSITED OR CAUSED TO BE DEPOSITED A CHECK IN A FEDERAL EXPRESS PACKAGE ON DECEMBER 17, 1999, TO BE DELIVERED TO LAPLACE FORD.  IN COUNT 5, STUCKEY AND SIKES

ARE ALLEGED TO HAVE DEPOSITED OR CAUSED TO BE DEPOSITED A CHECK IN A FEDERAL EXPRESS PACKAGE ON JUNE 8, 2000, TO BE DELIVERED TO SHREVEPORT KIA.

TITLE 18, UNITED STATES CODE, SECTION 1341, MAKES IT A CRIME FOR ANYONE TO USE ANY PRIVATE OR COMMERCIAL INTERSTATE CARRIER IN CARRYING OUT A SCHEME TO DEFRAUD.

FOR YOU TO FIND A DEFENDANT GUILTY OF THIS CRIME, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:

FIRST:    THAT THE DEFENDANT KNOWINGLY CREATED A SCHEME TO DEFRAUD FINANCIAL INSTITUTIONS;

SECOND: THAT THE DEFENDANT ACTED WITH A SPECIFIC INTENT TO COMMIT FRAUD; AND

THIRD:    THAT THE DEFENDANT DEPOSITED SOMETHING OR CAUSED ANOTHER PERSON TO DEPOSIT SOMETHING FOR DELIVERY THROUGH AN INTERSTATE CARRIER, FEDERAL EXPRESS, FOR THE PURPOSE OF CARRYING OUT THE SCHEME.

A "SCHEME TO DEFRAUD" INCLUDES ANY SCHEME TO DEPRIVE ANOTHER OF MONEY, PROPERTY, OR OF THE INTANGIBLE RIGHT TO HONEST SERVICES BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES.

A REPRESENTATION MAY BE "FALSE" WHEN IT CONSTITUTES A HALF TRUTH, OR EFFECTIVELY CONCEALS A MATERIAL FACT, PROVIDED IT IS MADE WITH INTENT TO DEFRAUD.

IT IS NOT NECESSARY THAT THE GOVERNMENT PROVE ALL OF THE DETAILS ALLEGED IN THE INDICTMENT CONCERNING THE PRECISE NATURE AND PURPOSE OF THE SCHEME, OR THAT THE MATERIAL DEPOSITED FOR DELIVERY WAS ITSELF FALSE OR FRAUDULENT, OR THAT THE ALLEGED SCHEME ACTUALLY SUCCEEDED IN DEFRAUDING ANYONE, OR THAT THE USE OF THE INTERSTATE CARRIER WAS INTENDED AS THE SPECIFIC OR EXCLUSIVE MEANS OF ACCOMPLISHING THE ALLEGED FRAUD.

WHAT MUST BE PROVED BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT KNOWINGLY DEVISED OR INTENDED TO DEVISE A SCHEME TO DEFRAUD THAT WAS SUBSTANTIALLY THE

21

SAME AS THE ONE ALLEGED IN THE INDICTMENT;  AND THAT THE USE OF THE INTERSTATE CARRIER WAS CLOSELY RELATED TO THE SCHEME, IN THAT THE DEFENDANT EITHER DEPOSITED SOMETHING OR CAUSED IT TO BE DEPOSITED IN AN ATTEMPT TO EXECUTE OR CARRY OUT THE SCHEME.  TO "CAUSE" THE INTERSTATE CARRIER TO BE USED IS TO DO AN ACT WITH KNOWLEDGE THAT THE USE OF THE INTERSTATE CARRIER WILL FOLLOW IN THE ORDINARY COURSE OF BUSINESS OR WHERE SUCH USE CAN REASONABLY BE FORESEEN EVEN THOUGH THE DEFENDANT DID NOT INTEND OR REQUEST THE INTERSTATE CARRIER TO BE USED.

EACH SEPARATE USE OF THE INTERSTATE CARRIER IN FURTHERANCE OF A SCHEME TO DEFRAUD CONSTITUTES A SEPARATE OFFENSE.

C.   **BANK FRAUD**

IN COUNT 6, THE INDICTMENT CHARGES THAT BEGINNING ON OR ABOUT THE 23RD DAY OF SEPTEMBER, 1999, AND CONTINUING UNTIL ON OR ABOUT THE 10TH DAY OF MAY, 2001, IN THE WESTERN DISTRICT OF LOUISIANA, THE DEFENDANTS, SUZANNE STUCKEY AND

LYNN D. SIKES, DID KNOWINGLY EXECUTE AND ATTEMPT TO EXECUTE A SCHEME AND ARTIFICE TO DEFRAUD AND TO OBTAIN MONEY AND FUNDS OWNED BY OR UNDER THE CONTROL OF AMERICAN BANK (NOW AMERICAN HORIZONS BANK), A FINANCIAL INSTITUTION, IN THAT THE DEFENDANTS DID ENGAGE IN A SCHEME TO OBTAIN IMMEDIATE CREDIT THROUGH THE DEPOSIT OF BOGUS DRAFTS WHICH REFLECTED VEHICLES WHICH WERE NOT ACTUALLY SOLD, ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 1344 AND 2 [18 U.S.C. §§ 1344 & 2].

TITLE 18, UNITED STATES CODE, SECTION § 1344(2), MAKES IT A CRIME FOR ANYONE TO EXECUTE OR ATTEMPT TO EXECUTE A SCHEME OR ARTIFICE TO OBTAIN ANY MONEY OR OTHER PROPERTY OF AN INSURED FINANCIAL INSTITUTION BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES.

FOR YOU TO FIND A DEFENDANT GUILTY OF THIS CRIME, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:

FIRST:  THAT THE DEFENDANT KNOWINGLY EXECUTED OR ATTEMPTED TO EXECUTE A SCHEME OR PLAN TO OBTAIN MONEY OR PROPERTY FROM AMERICAN BANK (NOW AMERICAN HORIZONS BANK) BY MEANS OF FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES;

SECOND:  THAT THE DEFENDANT ACTED WITH INTENT TO DEFRAUD AMERICAN BANK;

THIRD:  THAT THE FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES THAT THE DEFENDANT MADE WERE MATERIAL; THAT IS, THEY WOULD NATURALLY TEND TO INFLUENCE, OR WERE CAPABLE OF INFLUENCING THE DECISION OF, AMERICAN BANK; AND

FOURTH:  THAT AMERICAN BANK WAS INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION.

24

THE PARTIES HAVE STIPULATED, OR AGREED, THAT AMERICAN BANK WAS A FINANCIAL INSTITUTION INSURED BY THE FEDERAL DEPOSIT INSURANCE CORPORATION.

FOR PURPOSES OF THIS CRIME, A "SCHEME OR PLAN TO DEFRAUD" MEANS ANY PLAN, PATTERN, OR COURSE OF ACTION INVOLVING A FALSE OR FRAUDULENT PRETENSE, REPRESENTATION, OR PROMISE INTENDED TO DECEIVE OTHERS IN ORDER TO OBTAIN SOMETHING OF VALUE, SUCH AS MONEY, FROM THE INSTITUTION TO BE DECEIVED.

A DEFENDANT ACTS WITH THE REQUISITE "INTENT TO DEFRAUD" IF THE DEFENDANT ACTED KNOWINGLY AND WITH THE SPECIFIC INTENT TO DECEIVE, ORDINARILY FOR THE PURPOSE OF CAUSING SOME FINANCIAL LOSS TO ANOTHER OR BRINGING ABOUT SOME FINANCIAL GAIN TO THE DEFENDANT.

A STATEMENT OR REPRESENTATION IS "FALSE" OR "FRAUDULENT" IF IT IS KNOWN TO BE UNTRUE OR IS MADE WITH RECKLESS INDIFFERENCE TO ITS TRUTH OR FALSITY.

IT IS NOT NECESSARY THAT THE GOVERNMENT PROVE ALL OF THE DETAILS ALLEGED IN THE INDICTMENT CONCERNING THE PRECISE NATURE OF THE ALLEGED SCHEME, OR THAT THE ALLEGED SCHEME ACTUALLY SUCCEEDED IN DEFRAUDING SOMEONE.  WHAT MUST BE PROVEN BEYOND A REASONABLE DOUBT IS THAT THE ACCUSED KNOWINGLY EXECUTED OR ATTEMPTED TO EXECUTE A SCHEME THAT WAS SUBSTANTIALLY SIMILAR TO THE SCHEME ALLEGED IN THE INDICTMENT.

THE GUILT OF A DEFENDANT IN A CRIMINAL CASE MAY BE ESTABLISHED WITHOUT PROOF THAT THE DEFENDANT PERSONALLY DID EVERY ACT CONSTITUTING THE OFFENSE ALLEGED.  THE LAW RECOGNIZES THAT, ORDINARILY, ANYTHING A PERSON CAN DO FOR HIMSELF MAY ALSO BE ACCOMPLISHED BY THAT PERSON THROUGH THE DIRECTION OF ANOTHER PERSON AS HIS OR HER AGENT, OR BY ACTING IN CONCERT WITH, OR UNDER THE DIRECTION OF, ANOTHER PERSON OR PERSONS IN A JOINT EFFORT OR ENTERPRISE.

IF ANOTHER PERSON IS ACTING UNDER THE DIRECTION OF THE DEFENDANT OR IF THE DEFENDANT JOINS ANOTHER PERSON AND

PERFORMS ACTS WITH THE INTENT TO COMMIT A CRIME, THEN THE LAW HOLDS THE DEFENDANT RESPONSIBLE FOR THE ACTS AND CONDUCT OF SUCH OTHER PERSONS JUST AS THOUGH THE DEFENDANT HAD COMMITTED THE ACTS OR ENGAGED IN SUCH CONDUCT.

BEFORE ANY DEFENDANT MAY BE HELD CRIMINALLY RESPONSIBLE FOR THE ACTS OF OTHERS IT IS NECESSARY THAT THE ACCUSED DELIBERATELY ASSOCIATE HIMSELF IN SOME WAY WITH THE CRIME AND PARTICIPATE IN IT WITH THE INTENT TO BRING ABOUT THE CRIME.

OF COURSE, MERE PRESENCE AT THE SCENE OF A CRIME AND KNOWLEDGE THAT A CRIME IS BEING COMMITTED ARE NOT SUFFICIENT TO ESTABLISH THAT A DEFENDANT EITHER DIRECTED OR AIDED AND ABETTED THE CRIME UNLESS YOU FIND BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS A PARTICIPANT AND NOT MERELY A KNOWING SPECTATOR.

IN OTHER WORDS, YOU MAY NOT FIND ANY DEFENDANT GUILTY UNLESS YOU FIND BEYOND A REASONABLE DOUBT THAT

EVERY ELEMENT OF THE OFFENSE AS DEFINED IN THESE INSTRUCTIONS WAS COMMITTED BY SOME PERSON OR PERSONS, AND THAT THE DEFENDANT VOLUNTARILY PARTICIPATED IN ITS COMMISSION WITH THE INTENT TO VIOLATE THE LAW.

"TO ASSOCIATE" MEANS THAT THE DEFENDANT SHARED THE CRIMINAL INTENT OF THE PRINCIPAL(S). DEFENDANT CANNOT BE FOUND TO HAVE ASSOCIATED WITH THE CRIME IF THE DEFENDANT HAD NO KNOWLEDGE OF THE PRINCIPAL'S CRIMINAL VENTURE.

"TO PARTICIPATE" MEANS THAT THE DEFENDANT ENGAGED IN SOME AFFIRMATIVE CONDUCT DESIGNED TO AID THE VENTURE OR ASSIST THE PRINCIPAL(S) OF THE CRIME.

### D.   FALSE STATEMENTS TO FEDERAL AGENCIES AND AGENTS

IN COUNT 7, THE INDICTMENT CHARGES THAT ON OR ABOUT THE 17TH DAY OF JULY, 2002, IN THE WESTERN DISTRICT OF LOUISIANA AND ELSEWHERE, IN A MATTER WITHIN THE JURISDICTION OF THE UNITED STATES DEPARTMENT OF JUSTICE, A DEPARTMENT OF THE UNITED STATES, GARY D. HOOVER, DEFENDANT HEREIN, DID KNOWINGLY AND WILLFULLY MAKE

28

FICTITIOUS AND FRAUDULENT MATERIAL STATEMENTS AND REPRESENTATIONS, IN THAT DEFENDANT GARY D. HOOVER DURING THE COURSE OF AN INTERVIEW BEING CONDUCTED BY A SPECIAL AGENT OF THE FEDERAL BUREAU OF INVESTIGATION, STATED AND REPRESENTED THAT (1) ONLY ONE PERSON HAD COMPLAINED OF "DOUBLE FLOORING" OF VEHICLES AND (2) VISION QUEST HAD NO OWNERSHIP INTEREST, INCLUDING SIDE OR SECRET INTERESTS IN SHREVEPORT KIA WHEN IN TRUTH AND IN FACT DEFENDANT GARY D. HOOVER, THEN AND WELL KNEW THAT MORE THAN ONE INDIVIDUAL HAD TOLD HIM ABOUT THE "DOUBLE FLOORING" OF VEHICLES AND THAT THERE WAS A COUNTER LETTER GIVING VISION QUEST A 20% SHARE OF SHREVEPORT IMPORTS AKA SHREVEPORT KIA, ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1001 [18 U.S.C. § 1001].

IN COUNT 8, THE INDICTMENT CHARGES THAT ON OR ABOUT THE 23RD DAY OF JULY, 2002, IN THE WESTERN DISTRICT OF LOUISIANA AND ELSEWHERE, IN A MATTER WITHIN THE JURISDICTION OF THE UNITED STATES DEPARTMENT OF JUSTICE, A DEPARTMENT OF THE UNITED STATES, SUZANNE STUCKEY, DEFENDANT HEREIN, DID KNOWINGLY AND WILLFULLY MAKE FICTITIOUS AND FRAUDULENT MATERIAL STATEMENTS AND REPRESENTATIONS, IN THAT DEFENDANT SUZANNE STUCKEY DURING THE COURSE OF AN INTERVIEW BEING CONDUCTED BY A SPECIAL AGENT OF THE FEDERAL BUREAU OF INVESTIGATION, STATED AND REPRESENTED THAT SHE HAD NOTHING TO DO WITH BOGUS DRAFTING BETWEEN THE DEALERSHIPS WHEN IN TRUTH AND IN FACT DEFENDANT SUZANNE STUCKEY THEN AND WELL KNEW THAT SHE COMMUNICATED DIRECTIONS REGARDING THE BOGUS DRAFTING AND SIGNED IN EXCESS OF FIFTY OF THE REPAYMENT CHECKS, ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1001 [18 U.S.C. § 1001].

TITLE 18, UNITED STATES CODE, SECTION 1001, MAKES IT A CRIME FOR ANYONE TO KNOWINGLY AND WILLFULLY MAKE A FALSE OR FRAUDULENT STATEMENT TO A DEPARTMENT OR AGENCY OF THE UNITED STATES.

FOR YOU TO FIND EITHER DEFENDANT GARY D. HOOVER OR SUZANNE STUCKEY GUILTY OF THIS CRIME, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT AS TO EACH DEFENDANT:

FIRST:          THAT THE DEFENDANT MADE A FALSE STATEMENT TO A SPECIAL AGENT OF THE FEDERAL BUREAU OF INVESTIGATION;

SECOND:      THAT THE DEFENDANT MADE THE STATEMENT INTENTIONALLY, KNOWING THAT IT WAS FALSE;

THIRD:         THAT THE STATEMENT WAS MATERIAL, AND

FOURTH:      THAT THE DEFENDANT MADE THE FALSE STATEMENT FOR THE PURPOSE OF MISLEADING THE FEDERAL BUREAU OF INVESTIGATION.

A STATEMENT IS MATERIAL IF IT HAS A NATURAL TENDENCY TO INFLUENCE, OR IS CAPABLE OF INFLUENCING, A DECISION OF THE FEDERAL BUREAU OF INVESTIGATION.

IT IS NOT NECESSARY TO SHOW THAT THE FEDERAL BUREAU OF INVESTIGATION WAS IN FACT MISLED.

YOU HAVE BEEN INSTRUCTED THAT YOUR VERDICT, WHETHER IT IS GUILTY OR NOT GUILTY, MUST BE UNANIMOUS. THE FOLLOWING INSTRUCTION APPLIES TO THE UNANIMITY REQUIREMENT AS TO COUNT 7.

COUNT 7 OF THE INDICTMENT ACCUSES DEFENDANT GARY D. HOOVER OF COMMITTING THE CRIME OF MAKING A FALSE STATEMENT TO A FEDERAL AGENT. IN THAT COUNT, GARY D. HOOVER IS ACCUSED OF MAKING TWO FALSE STATEMENTS TO A FEDERAL AGENT.

THE GOVERNMENT DOES NOT HAVE TO PROVE BOTH OF THESE STATEMENTS WERE FALSE FOR YOU TO RETURN A GUILTY VERDICT ON THIS CHARGE. PROOF BEYOND A REASONABLE DOUBT ON ONE OR THE OTHER IS ENOUGH. BUT IN ORDER TO RETURN A GUILTY

VERDICT, ALL TWELVE OF YOU MUST AGREE THAT THE SAME ONE HAS BEEN PROVED.   ALL OF YOU MUST AGREE THAT THE GOVERNMENT PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT GARY D. HOOVER STATED THAT ONLY ONE PERSON HAD COMPLAINED OF "DOUBLE FLOORING" OF VEHICLES AND THAT SUCH STATEMENT WAS INTENTIONALLY FALSE, WAS MATERIAL, AND WAS MADE FOR THE PURPOSE OF MISLEADING THE FEDERAL BUREAU OF INVESTIGATION; OR ALL OF YOU MUST AGREE THAT THE GOVERNMENT PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT GARY D. HOOVER STATED THAT VISION QUEST HAD NO OWNERSHIP INTEREST, INCLUDING SIDE OR SECRET INTERESTS IN SHREVEPORT KIA AND THAT SUCH STATEMENT WAS INTENTIONALLY FALSE, WAS MATERIAL, AND WAS MADE FOR THE PURPOSE OF MISLEADING THE FEDERAL BUREAU OF INVESTIGATION.

## III.   FINAL INSTRUCTIONS

YOU ARE HERE TO DECIDE WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT EACH OF THE

DEFENDANTS IS GUILTY OF THE SEPARATE CRIMES CHARGED. THE DEFENDANTS ARE NOT ON TRIAL FOR ANY ACT, CONDUCT, OR OFFENSE NOT ALLEGED IN THE INDICTMENT. NEITHER ARE YOU CONCERNED WITH THE GUILT OF ANY OTHER PERSON OR PERSONS NOT ON TRIAL AS A DEFENDANT IN THIS CASE.

IF A DEFENDANT IS FOUND GUILTY, IT WILL BE MY DUTY TO DECIDE WHAT THE PUNISHMENT WILL BE. YOU SHOULD NOT BE CONCERNED WITH PUNISHMENT IN ANY WAY. IT SHOULD NOT ENTER YOUR CONSIDERATION OR DISCUSSION.

TO REACH A VERDICT, WHETHER IT IS GUILTY OR NOT GUILTY, ALL OF YOU MUST AGREE. YOUR VERDICT MUST BE UNANIMOUS. YOUR DELIBERATIONS WILL BE SECRET. YOU WILL NEVER HAVE TO EXPLAIN YOUR VERDICT TO ANYONE.

IT IS YOUR DUTY TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE WITH YOUR FELLOW JURORS. DURING YOUR DELIBERATIONS, DO

NOT HESITATE TO REEXAMINE YOUR OWN OPINIONS AND CHANGE YOUR MIND IF CONVINCED THAT YOU WERE WRONG. BUT DO NOT GIVE UP YOUR HONEST BELIEFS AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES, YOU ARE JUDGES—JUDGES OF THE FACTS. YOUR SOLE DUTY IS TO DECIDE WHETHER THE GOVERNMENT HAS PROVED THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT.

WHEN YOU GO TO THE JURY ROOM, THE FIRST THING THAT YOU SHOULD DO IS SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON, WHO WILL HELP TO GUIDE YOUR DELIBERATIONS AND WILL SPEAK FOR YOU HERE IN THE COURTROOM.

A FORM OF VERDICT HAS BEEN PREPARED FOR YOUR CONVENIENCE.

[Explain verdict form]

THE FOREPERSON WILL WRITE THE UNANIMOUS ANSWER OF THE JURY IN THE SPACE PROVIDED FOR EACH COUNT OF THE

INDICTMENT AND FOR EACH DEFENDANT, EITHER GUILTY OR NOT GUILTY.   AT THE CONCLUSION OF YOUR DELIBERATIONS, THE FOREPERSON SHOULD DATE AND SIGN THE VERDICT.

IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS, THE FOREPERSON SHOULD WRITE THE MESSAGE AND GIVE IT TO THE COURT SECURITY OFFICER.   I WILL EITHER REPLY IN WRITING OR BRING YOU BACK INTO THE COURT TO ANSWER YOUR MESSAGE.

BEAR IN MIND THAT YOU ARE NEVER TO REVEAL TO ANY PERSON, NOT EVEN TO THE COURT, HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON ANY COUNT OF THE INDICTMENT, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.

YOU ARE EXCUSED FOR A MOMENT WHILE I SEE IF THE LAWYERS WANT ME TO TELL YOU ANYTHING ELSE.   AFTER THAT, I WILL EXCUSE THE ALTERNATE JURORS AND SEND THE VERDICT FORM AND THESE JURY INSTRUCTIONS IN TO YOU, AND YOU MAY THEN BEGIN YOUR DELIBERATIONS.